CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 26 2016

JULIA C. DUDLEY, CLERK
BY: /s/ Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: 6:16CV00065 |
| Plaintiff, | ) | JURY DEMAND |
| v. | ) | |
| LIBERTY UNIVERSITY INC | ) | |
| Defendant | ) | |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, LIBERTY UNIVERSITY INC, and Plaintiff states as follows:

### NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to LIBERTY UNIVERSITY INC and, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express written consent within the meaning of the TCPA. This is an action for actual and statutory damages for violations of the

Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 et seq.[1]

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

5. Defendant LIBERTY UNIVERSITY INC (hereinafter, LUI) is a domestic company with a corporate office located at 1971 University Boulevard, Lynchburg, VA, 24515.

6. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii)
[3] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

3

10. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice calls to cell phones. Defendant LUI has called in a manner which violates the right of privacy of all consumers.

## ALLEGATIONS OF FACT

11. On or about the beginning of April 2015, Plaintiff began receiving calls from an unknown number of *434-592-4309.*

12. Plaintiff is the owner and regular user of the cellular phone number *678-235-XXXX.*

13. The barrage of calls continued up until the present day. Confused and baffled, Plaintiff discovered that he was receiving calls from the Defendant LUI in an attempt to get him to enroll in the college.

14. On several calls, Plaintiff answered the phone, and heard a "pause, followed by an artificial message which stated "Please stay on the line".

15. Plaintiff has received over seventeen (17) phone calls from Defendant LUI calling from telephone number of *434-592-4309.*

4

16. Upon information and belief, Plaintiff called the number to inquire about the barrage of calls. Plaintiff was told by the representative that he could further his education by enrolling in the college.

17. The calls Plaintiff received were made using an automated dialer system. This system stores or produces telephone numbers to be called, using a random or sequential number generator, and to dial such numbers

18. Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendant LUI for any purpose.

19. Plaintiff has never provided his cellular phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any party.

20. Upon further information and belief, Plaintiff believes these calls were for the sole purpose of solicitation of enrollment services offered by Defendant LUI.

21. Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA. The continuous unwarranted phone calls caused the Plaintiff harassment, as well as additional data rate charges to his cellular telephone plan.

22. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

5

## QUESTIONS OF LAW

23. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant's conduct is governed by the TCPA;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Using prohibited equipment and without prior express consent, the Defendant LUI, contacted the Plaintiff over twenty-one (21) times by means of automatic dialing systems to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

26. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3).

27. An award of all fees and costs incurred by Plaintiff.

## PRAYER FOR RELIEF COUNT I

a) Assessing against Defendant LUI, damages of $1,500 for each of the seventeen (17) violations of the TCPA found by the Court to have been committed by LUI,

6

willfully and knowingly; if the Court finds LUI, has engaged in violations of the TCPA which are not willful and knowing, then assessing against SBL, damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

b) Assessing against LUI, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

*Ricky R. Franklin*

Ricky R. Franklin

708 Brambling Way

Stockbridge, GA 30281

rrfrank12@hotmail.com

7

Case 6:16-cv-00065-NKM   Document 2   Filed 10/26/16   Page 7 of 7   Pageid#: 12