IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

RICKY R. FRANKLIN,

    Plaintiff,

vs.

LIBERTY UNIVERSITY, INC.,

    Defendant.

Civ.: 6:16-cv-00065

**LIBERTY UNIVERSITY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Fed. R. Civ. P. 8(b), Liberty University, Inc. ("Liberty") hereby answers Plaintiff's Complaint, paragraph by paragraph, as follows:

1. Liberty admits only that Plaintiff filed this action seeking actual and statutory damages for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, but denies the remaining allegations in this paragraph, and denies that Plaintiff is entitled to any damages or other form of relief from Liberty.

2. Liberty admits that the Court has subject matter jurisdiction over this action.

3. Liberty admits that venue is proper in this District.

4. Liberty lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint, and therefore denies them.

5. Admitted, except that Liberty University, Inc. is not a company but rather a 501(c)(3) non-stock corporation.

6. While the allegation has no apparent relevance to Plaintiff's Complaint filed in Virginia, Liberty admits only that it has limited commercial contacts in the State of Georgia; Liberty denies any allegations not specifically admitted herein.

7. The allegations in this paragraph do not relate to Liberty and/or contain legal conclusions, and therefore no response is required, but to the extent a response is deemed required, Liberty denies the relevance, accuracy and completeness of this legal background.

8. The allegations in this paragraph do not relate to Liberty and/or contain legal conclusions, and therefore no response is required, but to the extent a response is deemed required, Liberty denies the relevance, accuracy and completeness of this legal background.

9. The allegations in this paragraph do not relate to Liberty and/or contain legal conclusions, and therefore no response is required, but to the extent a response is deemed required, Liberty denies the relevance, accuracy and completeness of this legal background.

10. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied. Liberty denies the allegations in the second sentence of this paragraph.

11. Liberty admits only that certain telephone calls it places to prospective students who have given Liberty consent to call, including the calls it placed to the telephone number that Plaintiffs claims an interest in, are made with the caller ID of the number identified in this paragraph. Liberty lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in this paragraph of the Complaint, and therefore denies them.

12. Liberty admits only that, in late April 2015, it received a demand letter from a person who identified himself as Ricky R. Franklin, in which he claimed to have received phone calls from Liberty to a telephone number that consists of the first six numbers listed in this paragraph of the Complaint. Liberty lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in this paragraph of the Complaint, and therefore denies them.

13. Liberty lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint, and therefore denies them. Liberty denies calling the number in which Plaintiff claims an interest after he informed Liberty that it should cease calling that number in April 2015.

14. Denied.

15. Liberty lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint, and therefore denies them.

16. Liberty denies that it received any phone calls in or around April 2015 from the telephone number in which Plaintiff claims to have an interest; to the extent that Plaintiff alleges that he called Liberty using a telephone number other than the number disclosed to Liberty as the number in which he claims an interest, Liberty lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint, and therefore denies them.

17. The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied; Liberty further denies that it places calls with a system that generates random or sequential numbers.

18. Liberty denies that it has not been given any necessary consent to call the telephone number that Plaintiff claims to have had an interest in, and therefore denies the allegations in this paragraph.

19. Liberty denies that it has not been given any necessary consent to call the telephone number that Plaintiff claims to have had an interest in, and therefore denies the allegations in this paragraph.

20. Liberty lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint relating to Plaintiff's beliefs, and therefore denies them.

21. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied. Liberty lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint relating to Plaintiff's alleged damages or data charges for allegedly receiving phone calls, and therefore denies them.

22. Liberty lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph of the Complaint, and therefore denies them.

23. This paragraph poses legal questions, and therefore no response is required, but to the extent a response is deemed required, Liberty denies that it has violated the TCPA and denies that Plaintiff is entitled to any damages or other form of relief from Liberty.

24. Liberty incorporates by reference each of its answers to the preceding paragraphs.

25. Denied.

26. Denied.

27. Liberty denies that Plaintiff is entitled to any damages or other form of relief from it.

## **PLAINTIFF'S PRAYER FOR RELIEF COUNT I**

This clause contains no factual allegations, and therefore no response is required, but if a response is deemed required, Liberty denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

All allegations set forth in Plaintiff's Complaint not specifically admitted above are denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

Based upon its current information and belief, Liberty asserts the following affirmative defenses to Plaintiff's Complaint. By asserting these defenses here, Liberty does not concede that it has the burden of proof or production for any of the following:

1. The Complaint fails to state a claim upon which relief may be granted because Plaintiff fails to state a plausible claim for relief.

2. On information and belief, to the extent Plaintiff provided Liberty with his phone number under false pretenses and with the intent to deceive Liberty, Plaintiff's claim is barred by the doctrines of unclean hands, equitable estoppel, and lack of standing.

3. Plaintiff's claim is barred, in whole or in part, by the doctrine of laches. Plaintiff's delay in advising Liberty that he no longer consented to be called by Liberty prejudiced Liberty.

4. Plaintiff's claim for damages, if any, against Liberty is barred, in whole or in part, by Plaintiff's failure to mitigate because, among other things, Plaintiff did not promptly notify Liberty of his desire to revoke his consent to be called or otherwise not to receive calls from Liberty.

5. Plaintiff's claims are barred to the extent any alleged damages were caused by the acts or omissions of third parties for which Liberty is not responsible.

6. The TCPA violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

7. The TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void-for-vagueness doctrine.

8. The TCPA violates the Excessive Fines Clause of the Eight Amendment of the United States Constitution.

9. The TCPA violates the First Amendment of the United States Constitution.

10. Liberty reserves the right to assert additional affirmative defenses as they may appear applicable during the course of this litigation, including discovery, trial, or otherwise.

## LIBERTY'S PRAYER FOR RELIEF

**WHEREFORE**, Liberty respectfully prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and judgment entered in Liberty's favor;

2. That Liberty be awarded its reasonable costs and attorneys' fees; and

3. That Liberty be awarded such further relief as the Court deems equitable and just.

Dated: December 1, 2016                    Respectfully submitted,

/s/ King F. Tower
King F. Tower
WOODS ROGERS PLC
PO Box 14125
Roanoke, VA 24038
Tel: (540) 983-7716
Fax: (540) 983-7711
ktower@woodsrogers.com

Joseph P. Bowser, (*application for admission pending*)
INNOVISTA LAW PLLC
115 E. Broad Street
Richmond, VA 23219
Tel: (202) 750-3500
Fax: (202) 750-3503 (fax)
joseph.bowser@innovistalaw.com

*Attorneys for Liberty University, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that the Plaintiff in this matter will be served with a filed copy of this Answer via first-class mail.

SERVICE VIA U.S. MAIL
Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

/s/ King F. Tower
Attorney for Liberty University, Inc.